# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JUSTIN BURRISS, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. |
| BFI WASTE SYSTEMS OF TENNESSEE, LLC., d/b/a "MIDDLE POINT LANDFILL", ) ) ) | CLASS ACTION COMPLAINT |
| Defendant. ) ) ) ) ) | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JUSTIN BURRISS, by and through the undersigned counsel, on behalf of himself and all others similarly situated, and for cause of action against the Defendant, respectfully alleges and states as follows:

## INTRODUCTION

1. Plaintiff brings this class action against BFI Waste Systems of Tennessee, LLC., dba "Middle Point Landfill" ("Defendant") for the operation of its landfill located at 750 E. Jefferson Pike in Murfreesboro, Tennessee (the "landfill"). Through the landfill's construction, operation, and maintenance, Defendant releases noxious odors onto Plaintiff's property, causing damages through nuisance, negligence, and trespass.

1

## THE PARTIES

2. Plaintiff, JUSTIN BURRISS, does reside and at all relative times has resided at 622 Stone Mill Cir, City of Murfreesboro, County of Rutherford, State of Tennessee.

3. Defendant and its agents, have at all time relevant hereto, constructed, owned, operated and maintained the Landfill, located at 750 East Jefferson Pike, in the City of Murfreesboro, County of Rutherford, State of Tennessee.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §1332(d)(2)(a). Jurisdiction is proper because the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Venue is proper in this Court under 28 U.S.C. 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiff's claims took place in this District, and because much of the property that is the subject of this action is situated in this District.

5. Plaintiff is a citizen of Tennessee, and Defendant is incorporated in Delaware and its principal address is located in Arizona.

6. Jurisdiction is proper in this Court pursuant to CAFA.

7. Independent of and in addition to original jurisdiction under CAFA, this Court has original jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1).

## FACTUAL ALLEGATIONS

8. It is Plaintiff's informed belief that Defendant either constructed or directed the construction of its landfill and exercises control and/or ownership over the landfill.

9. On frequent, recurrent, and intermittent occasions, Plaintiff's property including Plaintiff's neighborhoods, residence, and yard have been, and continue to be, physically invaded by noxious odors emitted from Defendant's landfill.

10. On a daily basis, Defendant's landfill receives approximately 3,700 tons of municipal waste, industrial waste and construction and demolition materials.

11. The materials deposited into Defendant's landfill decompose and generate byproducts, including leachate and landfill gas, an odorous and offensive byproduct of decomposition which generally consists of hydrogen sulfide, methane, carbon dioxide, and various other compounds.

12. Defendant has failed to employ adequate odor mitigation strategies to prevent the odors generated at its landfill from traveling offsite. This includes, without limitation:

   a. Defendant has failed to install, maintain, and operate a landfill gas collection system that is adequate to capture the amount of landfill gas generated at its landfill;

   b. Defendant has failed to properly collect, treat, and dispose of leachate;

   c. Defendant has failed to adequately cover the waste in its landfill to control the emission of odors;

   d. Defendant has failed to utilize adequate odor reduction practices in the receipt, processing, and covering of waste;

   e. Defendant has failed to utilize adequate operational practices to minimize and/or treat odors generated at its landfill.

13. Residents of over 60 households have already communicated with Plaintiff's counsel regarding the impact Defendant's odors have had on their lives and their ability to use their homes.

14. Due to Defendant's emission of noxious odors, residences refer to the landfill as methane mountain or mount trashmore.

15. The invasion of Plaintiff's property by noxious odors has caused Plaintiff, and the Class he represents, substantial harm. Multiple residents have described the odors as decaying and trash that are so noxious as to interfere with the use of their property.

16. The Division of Solid Waste Management ("DSWM"), from the Tennessee Department of Environment & Conservation ("TDEC"), has received numerous complaints, including in excess of 40 complaints through September 2020. It is Plaintiff's information that in one week in October of 2020, there were more than 60 complaints from residents concerning Defendant's negligent operation of its landfill and the noxious odors emitted from Defendant's landfill.

17. Defendant's landfill has received numerous Notices of Violations (NOV) for failure to properly operate the landfill, including NOVs for failure to properly control and/or treat leachate. Examples of NOVs for leachate outbreaks include the following:

   a. Defendant received an NOV dated December 2, 2019 because leachate continued to enter the stormwater ditch.

   b. On January 30, 2020 the TDEC issued a NOV as "Several large puddles of leachate were observed on the gravel pad at the leachate load-out area. The concrete containment at the load-out was nearly full and it appeared that a truck had been overfilled causing a spill. No effort was made to contain or clean-up the spill in the time this inspector was on site."

   c. Defendant received another NOV dated March 19, 2020 when a berm constructed around a temporary sump intended to contain leachate failed causing "a large stream of leachate" to flow into the landfill's outside perimeter ditch and "[in]to the East Fork of the Stones River."

18. DSWM Landfill Inspectors have, on numerous occasions, detected noxious odors offsite of the landfill, including:

   a. "[g]arbage odor on Jefferson Pike."

   b. "[v]ery strong landfill gas odors, dust, and dirt on and off site."

  c. "[s]trong landfill gas smell at ~1 mile away from site[.]"

  d. "[s]ome offsite odors, dust, and dirt noted [on] Jefferson Pike", and a month later in June of 2018, Inspectors reported a "chemical smell around [the] landfill[.]"

19. A similar landfill to Defendant's that is properly operated, maintained, and/or constructed will not emit noxious odors into the surrounding residential areas.

20. The Class Area is home to a wide range of commercial and recreational activities including but not limited to dining, industry, construction, retail trade, ministry, and education.

21. Plaintiff and the Class are a limited subset of individuals in the Class Area that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

22. Members of the public, including but not limited to businesses, employees, commuters, tourists, visitors, minors, customers, clients, and students, have experienced and been harmed by the fugitive noxious odors emitted from the Landfill into public spaces; however, unlike Plaintiff and the Class, members of the public who are outside of the Class Definition have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

23. Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and/or negligently failed to properly maintain, operate, and/or construct the landfill, and caused the invasion of Plaintiff's property by noxious odors on intermittent and reoccurring dates too numerous to individually recount.

24. Defendant is vicariously liable for all damages suffered by Plaintiff caused by Defendant's employees, representatives and agents, who, during the course and scope of their

employment created, allowed or failed to correct the problem(s) which caused noxious odors to physically invade Plaintiff's property.

## CLASS ALLEGATIONS

Plaintiff incorporates by reference as if fully set forth herein each and every allegation in the Complaint.

**A. Definition of the Class**

25. Plaintiff brings this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class of persons preliminarily defined as:

> **Any and all individuals who owned or occupied residential property within 3 miles of Defendant's property boundary.**

The proposed class boundary is subject to modification as discovery progresses. Plaintiff reserves the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

26. This case is properly maintainable as a class action pursuant to and in accordance with Fed. R. Civ. P. 23 in that:

    a. The class, which includes thousands of members, is so numerous that joinder of all members is impracticable;

    b. There are substantial questions of law and fact common to the class including those set forth in greater particularity herein;

    c. The claims of the representative parties are typical of the claims of the class;

    d. Questions of law and fact such as those enumerated herein, which are all common to the class, predominate over any questions of law or fact affecting only individual members of the class;

    e. A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

f. The relief sought in this class action will effectively and efficiently provide relief to all members of the class;

g. There are no unusual difficulties foreseen in the management of this class action; and

h. Plaintiff, whose claims are typical of those of the Class, through his experienced counsel, will zealously and adequately represent the Class.

### B. Numerosity

27. Based on 2010 census data, there are in excess of 4,000 households within 3 miles of the Landfill. Accordingly, the members of the Class are so numerous that joinder of all parties is clearly impracticable.

### C. Commonality

28. Defendant has engaged in a uniform and common course of misconduct towards members of the Class, giving rise to questions of both law and fact common to all Class members, including but not limited to:

a. Whether and how Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to maintain, operate, and/or construct the landfill;

b. Whether Defendant owed any duties to Plaintiff;

c. Which duties Defendant owed to Plaintiff;

d. Which steps Defendant has and has not taken in order to control its emissions through the maintenance and/or operation of its landfill;

e. Whether and to what extent the landfill's emissions were dispersed over the class area;

f. Whether it was reasonably foreseeable that Defendant's failure to properly maintain, operate, and/or construct the landfill would result in an invasion

7

of Plaintiff's property interests;

    g.    Whether the degree of harm suffered by Plaintiff and the class constitutes a substantial annoyance or interference with their use and enjoyment of their property; and

    h.    The proper measure of damages incurred by Plaintiff and the Class.

29. The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

30. Notice can be provided to members of the Class by U.S. Mail and/or publication.

**D.    Typicality**

31. The claims of the named Plaintiff are typical of the claims of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories, and seek the same type of relief.

32. The claims of Plaintiff and the other Class members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendant to properly maintain, operate, and/or construct the landfill.

33. All Class members have suffered injury in fact as a result of the invasion of their properties by noxious odors emitted by Defendant. The noxious odors emitted by Defendant, interferes with their ability to use and enjoy their homes and has impacted property values.

8

### E. Adequacy of Representation

34. Plaintiff's claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiff as representative of the Class. Plaintiff will fairly and adequately represent the interests of the Class and does not have interests adverse to the Class.

35. Plaintiff has retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of private property by noxious emissions. Plaintiff's counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiff and all absent Class members.

### F. Class Treatment Is The Superior Method of Adjudication

36. A class action is superior to other methods of litigation and will provide a fair and efficient method for adjudication of the controversy because:

   a. Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

   b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

   c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

   d. The proposed class action is manageable.

## CAUSE OF ACTION I

## NUISANCE

37. Plaintiff incorporates by reference as if fully set forth herein each and every allegation in the Complaint.

38. The noxious odors, which entered Plaintiff's property originated from the landfill maintained and operated by Defendant.

39. The noxious odors invading Plaintiff's property are indecent and offensive to people with ordinary health and sensibilities and obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property.

40. Defendant owed and continues to owe a duty to Plaintiff to prevent and abate the unreasonable interference and invasion of the private interests of Plaintiff and the class.

41. Defendant owed and continues to owe a duty to the public to prevent and abate the unreasonable fugitive emissions of noxious odors and gases from its premises.

42. By constructing and then failing to reasonably operate, repair, and maintain its landfill, Defendant has wrongfully, negligently, and knowingly caused an unreasonable invasion of Plaintiff's interest in the use and enjoyment of his property.

43. The nuisance is ongoing.

44. As a foreseeable, direct and proximate result of the foregoing conduct and emissions of Defendant, Plaintiff suffered damages to his property as alleged herein.

45. Plaintiff suffered harm relating to the use and enjoyment of his land and property, and decreased property values.

46. Defendant's noxious emissions have caused harm to the public.

47. The injuries to Plaintiff's property, and Plaintiff's rights therein, are separate and in addition to any harm caused by Defendant to the public at-large and/or other private individuals not within the class description.

48. Plaintiff did not consent to the invasion of his property by noxious odors.

49. By causing noxious odors produced and controlled by Defendant to physically invade Plaintiff's land and property, Defendant negligently, knowingly, intentionally, and recklessly, created a nuisance which substantially and unreasonably interfered with Plaintiff's use and enjoyment of his property.

50. Any social utility that is provided by the landfill is clearly outweighed by the harm suffered by Plaintiff and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

51. Defendant's substantial and unreasonable interference with Plaintiff's use and enjoyment of his property constitutes a nuisance for which Defendant is liable to Plaintiff for all damages arising from such nuisance, including compensatory and injunctive relief.

## CAUSES OF ACTION II AND III

## NEGLIGENCE AND GROSS NEGLIGENCE

52. Plaintiff incorporates by reference as if fully set forth herein each and every allegation in the Complaint.

53. Defendant owed, and continues to owe, a duty to Plaintiff to operate and maintain the Landfill in a reasonable manner and to take reasonable steps to prevent and abate the fugitive emission of noxious gases and odors from the Landfill.

54. Defendant breached its duty by negligently and improperly maintaining and operating the landfill, such that it has caused the invasion of noxious odors into Plaintiff's home, land, and property on occasions too numerous to mention.

55. As a direct and proximate result of Defendant's negligence and gross negligence in maintaining and operating the landfill, Plaintiff's property, on occasions too numerous to mention, has been invaded by noxious odors.

56. As a further direct and proximate result of the foregoing conduct of the Defendant, Plaintiff suffered damages to his property as alleged herein.

57. The invasion and subsequent damages suffered by Plaintiff were reasonably foreseeable by the Defendant.

58. By failing to properly maintain and operate the landfill, Defendant failed to exercise the duty of ordinary care and diligence, which it owes to Plaintiff, so noxious odors would not invade Plaintiff's property.

59. A properly operated and maintained landfill will not emit noxious odors into neighboring residential areas.

60. By failing to maintain and operate the landfill, Defendant negligently, knowingly, intentionally, and recklessly caused the invasion of Plaintiff's property by noxious odors.

61. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly maintained and operated the Landfill and knew, or should have known, upon reasonable inspection that such actions would cause Plaintiff's property to be invaded by noxious odors.

62. As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiff's residence was invaded by noxious odors causing and constituting damage to his property.

63. The conduct of Defendant in knowingly and recklessly allowing conditions to exist which caused noxious odors to physically invade Plaintiff's property constitutes gross negligence.

64. Defendant's gross negligence was knowing, intentional, and made with a conscious indifference for the harm caused to Plaintiff's property, which entitles Plaintiff to an award of compensatory, punitive, and injunctive relief.

## CAUSE OF ACTION IV

## TRESPASS

65. Plaintiff incorporates by reference as if fully set forth herein each and every allegation in the Complaint.

66. Defendant wrongfully, negligently, intentionally, recklessly, willfully, and maliciously failed to properly construct, maintain and/or operate the Landfill, which caused noxious odors to be emitted from the Landfill and physically invade and enter upon Plaintiff's property on occasions too numerous to identify independently.

67. As a direct and proximate result of Defendant's foregoing conduct, noxious odors from airborne gases and/or particulates invaded, entered upon, settled upon, and accumulated upon Plaintiff's property.

68. Plaintiff did not consent to the physical invasion of his property by noxious odors.

69. It was reasonably foreseeable that Defendant's failure to properly construct, maintain, and/or operate the landfill would result in an invasion of Plaintiff's property by noxious odors.

70. The noxious odors that have been and continue to be emitted by Defendant have invaded and continue to invade Plaintiff's property and interfere with Plaintiff's interests in the possession, use, and enjoyment of his property which has caused actual and substantial harm.

71. The noxious odors emitted by Defendant also caused Plaintiff harm through a diminution in the value of his property.

72. Defendant's actions resulting in the trespass upon Plaintiff's land were and continue to be intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to compensatory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class by order pursuant to Fed. R. Civ. P. 23;

B. Designation of Plaintiff as representatives of the proposed Class and designation of his counsel as Class Counsel;

C. Judgment in favor of Plaintiff and the Class Members and against Defendant;

D. An award, to Plaintiff and the Class, of compensatory and punitive damages and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E. An Order holding that entrance of the aforementioned noxious odors upon Plaintiff's property constituted a nuisance;

F. An award to Plaintiff and the Class Members of injunctive relief not inconsistent with Defendant's state and federal regulatory obligations; and

G. Such further relief both general and specific as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues raised in this Complaint.

Dated: March 11, 2021
                                                  Respectfully submitted,

                                                  *s/Thomas R. Greer*
                                                  Thomas R. Greer
                                                  Bailey & Greer PLLC
                                                  6256 Poplar Ave.
                                                  Memphis, TN 38119

Steven D. Liddle
Nicholas A. Coulson
Albert J. Asciutto
LIDDLE & DUBIN, P.C.
*Pro Hac Vice to be submitted*
975 E. Jefferson Avenue
Detroit, MI 48207
(313) 392-0015
sliddle@ldclassaction.com
ncoulson@ldclassaction.com

*Attorneys for Plaintiff & the Putative Class*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 11, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

      I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on March 11, 2021.

                                            By: */s/Thomas R. Greer*