# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JUSTIN BURRISS, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:21-cv-00201 ) ) |
| BFI WASTE SYSTEMS OF TENNESSEE, LLC., d/b/a "MIDDLE POINT LANDFILL" | ) District Judge Eli Richardson ) Magistrate Judge Barbara Holmes ) ) CLASS ACTION COMPLAINT |
| Defendant. | ) |

## FINAL APPROVAL ORDER AND JUDGMENT

In the Preliminary Approval Order dated _____, this Court scheduled a Fairness Hearing for _____, 2021 at \_\_\_\_\_ \_\_.m. to determine: (a) whether the proposed settlement between Plaintiff Justin Burriss, individually and on behalf of each member of the Settlement Class, and Defendant BFI Waste Systems of Tennessee, LLC, d/b/a "Middle Point Landfill," on the terms and conditions set forth in the Settlement and Release Agreement (the "Agreement")[1] is fair, reasonable and adequate, and (b) whether to enter the Final Approval Order and Judgment (Exhibit F to the Agreement). The Court also ordered that the Class Notice (Exhibit B to the Agreement) and Publication Notice (Exhibit C to the Agreement) be served upon the Class in the manner described in the Preliminary Approval Order, and that the Class Action Fairness Act notices, pursuant to 28 U.S.C, § 1715, (Exhibit E to the Agreement) be provided to the appropriate State and Federal officials.

The Fairness Hearing on the Agreement was duly held before this Court at which time all interested persons were afforded an opportunity to be heard. This Court has duly considered all

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Agreement.

submissions and arguments presented on the proposed settlement, including any objections or arguments against the settlement.

NOW, THEREFORE, THIS COURT FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

9. The Court has jurisdiction over the parties and the subject matter of this litigation;

10. For purposes of implementation of this settlement and by agreement of the parties, the Court certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3);

11. The settlement reached between Plaintiff Justin Burriss, individually and on behalf of each member of the Settlement Class, and Defendant BFI Waste Systems of Tennessee, LLC, d/b/a "Middle Point Landfill," on the terms and conditions set forth in the Agreement, is fair, reasonable, adequate, in the best interests of the Settlement Class, and is hereby approved;

12. Plaintiff Justin Burriss and Class Counsel (Steven D. Liddle, Nicholas A. Coulson, and Albert J. Asciutto and the law firm of Liddle Sheets Coulson P.C. have fairly and adequately represented the interests of the Settlement Class in this matter and in its resolution;

13. This Order is binding upon Plaintiff Justin Burriss, the Settlement Class, and the Defendant. The Settlement Class is determined by the method described and detailed in Paragraph 5.1(e) of the Settlement and Release Agreement. The agreement between the Parties to settle this case shall be consummated in accordance with the terms and conditions of the Agreement. The parties are directed to carry out their obligations under the Agreement;

14. The Class Notice and Publication Notice served on the Settlement Class following entry of the Preliminary Approval Order constituted the best notice practical under the circumstances and is in full compliance with the notice requirements of due process and Fed R. Civ. P. 23;

15. The notice served on the appropriate Federal and State officials following entry of the Preliminary Approval Order is in full compliance with the provisions set forth in the Class Action Fairness Act, 28 U.S.C, § 1715;

16. In approving this settlement, the Court gave due consideration to any objections, submissions and arguments presented against the proposed settlement, but the Court ultimately deems this settlement to be fair, reasonable, adequate, in the best interests of the Settlement Class;

17. Upon the Final Settlement Approval, Plaintiff Justin Burriss and the Settlement Class are (i) deemed to have released the claims within the scope of the Settlement and Release Agreement, and (ii) permanently enjoined from continuing to prosecute, or otherwise initiating, claims within the scope of the Settlement and Release Agreement;

18. As specified in the Settlement and Release Agreement, Defendant is entitled to a dollar-for-dollar reduction of its settlement payment equal to the amount any Household that Opted-Out would otherwise have been entitled to receive. The Court finds that Defendant is entitled to a reduction for Opt-Outs in the amount of $_____ from its settlement payment. Accordingly, Defendant's final payment amount, after reduction for Opt-Outs, is $_____ (the "Settlement Funds");

19. The Court finds that Class Counsel is entitled to retain attorneys' fees in the amount of $_____ from the Settlement Funds as specified in the Settlement and Release Agreement, and that Class Counsel is additionally entitled to retain from the Settlement Funds reimbursement for litigation costs and expenses reasonably incurred in connection with the Action in the amount of $_____ as specified in the Settlement and Release Agreement;

20. The remainder of the Settlement Funds shall be distributed to the Class Members in the manner and amount specified in the Settlement and Release Agreement;

21. All of the claims of the Settlement Class, are dismissed with prejudice, each party to bear its own costs; and

22. This Court retains jurisdiction over all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Settlement and Release Agreement and this Order. If this Final Approval Order and Judgment is reversed on appeal, the Agreement, the preliminary approval proceedings related to it, and the Fairness Hearing related to it are all without prejudice to the rights of the Parties to the litigation.

DATED: _____ BY:_____
BARBARA D. HOLMES
United States Magistrate Judge